# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| James M. Harrington<br>   *Plaintiff*,<br><br>  v.<br><br>CIBA Vision Corporation,<br>   *Defendant*. | Civil Action No. 08-cv-251 |

## COMPLAINT FOR PATENT FALSE MARKING

COMES NOW the Plaintiff, James M. Harrington, by and through counsel, complaining of the Defendant and alleging as follows:

## BACKGROUND

1. U.S. law generally forbids monopolistic activities. One exception is the Patent Act, codified as Title 35 of the United States Code, which confers upon a patentee the right to exclude others from making, using, and selling patented articles for a limited time, which amounts to a time-limited monopoly over a patented article.

2. The Patent Act prohibits any person from marking an unpatented product with a patent number, imposing upon that person a penalty of up to $500 for every such offense. Under 35 U.S.C. §292, any person may sue for the penalty in order to protect the rights of the public against false marking.

1

3. The Court of Appeals for the Federal Circuit has interpreted §292 to require a product marked with multiple patent numbers to be protected by at least one claim of each patent indicated.

## NATURE OF THE CASE

4. This is a *qui tam* action under the false marking provisions of the Patent Act of 1952, as amended, 35 U.S.C. § 292.

## PARTIES

5. James M. Harrington is a natural person a citizen and a resident of North Carolina.

6. Upon information and belief, CIBA Vision Corporation ("CIBA") is a corporation organized and existing under the laws of Delaware, with its principal place of business in Duluth, Georgia.

7. CIBA sells its products, including AOSEPT disinfecting solution in multiple retail locations throughout the state of North Carolina.

## JURISDICTION

8. Subject matter jurisdiction in this case is proper under 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising under an Act of Congress relating to patents.

9. Venue is proper in this judicial district under 28 U.S.C. §1391(b), in that the Defendant is subject to personal jurisdiction in this State and District and

therefore resides in this District, and in that a substantial part of the events giving rise to the claim have occurred in this District.

## CLAIM FOR PATENT FALSE MARKING

10. Each and every allegation set forth in the above numbered paragraphs is hereby incorporated by reference and re-alleged, as if it were explicitly set forth herein.

11. Upon information and belief, CIBA is in the business, *inter alia*, of selling products for the care of ophthalmic (contact) lenses.

12. Upon information and belief, CIBA is a licensee or assignee of U.S. Patent Number 4,889,689 ("the '689 patent").

13. Upon information and belief, CIBA is a licensee or assignee of U.S. Patent Number 5,558,846 ("the '846 patent").

14. Upon information and belief, CIBA is a licensee or assignee of U.S. Patent Number 5,609,264 ("the '264 patent").

15. Upon information and belief, CIBA is a licensee or assignee of U.S. Patent Number 5,609,837 ("the '837 patent").

16. The '689 is directed to a method of disinfecting a soft contact lens.

17. The other patents are all directed to an apparatus with a venting and sealing means useful for cleaning contact lenses.

18. CIBA marks all four patent numbers on boxes which contain only a bottle of AOSEPT disinfecting solution, for example, lot number 71818 with a copyright mark of 2006.

19. The contents of the package, the disinfecting solution in a simple bottle, is not patented.

20. The label of the packaging reads, "Protected by U.S. Patents 4,889,689; 5,558,846; 5,609,264; 5,609,837 and other patents pending."

21. Under 35 U.S.C. § 292, any product marked with a patent number must be covered by at least one claim of the patent said to cover the product.

22. Under 35 U.S.C. § 292, a party who "marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented for the purpose of deceiving the public … [s]hall be fined not more than $500 for every such offense."

23. The statute further provides that "[a]ny person may sue for the penalty, in which event one-half shall go to the person suing and the other half to the use of the United States."

24. Upon information and belief, the Defendant lacks a good-faith belief that the contents of the package are covered by one claim of each patent.

25. The purpose of these markings is to deceive the public into believing the contents of the package are protected by U.S. patents.

26. As such, the Defendant has engaged in multiple counts of false marking pursuant to 35 U.S.C §292.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against the Defendant and that the Court:

A. Find that the Defendant has falsely marked packages of unpatented products words and/or numbers importing that the product therein is covered by patents which do not cover the product;

B. Enter judgment against the Defendant and in favor of the Plaintiff.

C. Assess a penalty of not more than $500 for each article falsely marked in the past (5) years, half of said penalty to go to the Plaintiff, and half to the use of the United States;

D. Grant the Plaintiff such other and further relief as justice may require.

This the 3rd day of June, 2008.

           Respectfully submitted,

           /s/ Glen A. Cipriani
           Glen A. Cipriani
           N.C. Bar No.: 36683
           The Harrington Practice PLLC
           10130 Mallard Creek Road, Suite 110
           Charlotte, NC 28262
           Telephone: (704) 315-5800
           Facsimile: (704) 625-9259
           E-Mail: acipriani@hprac.com
           *Attorney for the Plaintiff*