# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

DOCKET NO. 3:08-cv-00251-FDW

| | |
|---|---|
| JAMES M. HARRINGTON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CIBA VISION CORPORATION, )<br>)<br>Defendant. )<br>)<br>) | ORDER |

THIS MATTER comes now before the Court upon Defendant's Motion to Transfer Venue (Doc. No. 13) pursuant to 28 U.S.C. § 1404(a). For the following reasons, the Motion is DENIED.[1]

Plaintiff has brought this *qui tam* action under 35 U.S.C. § 292, which provides that "[a]ny person may sue" on behalf of the United States when a party "marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented for the purpose of deceiving the public . . . ." Plaintiff maintains that the box for one of Defendant's products, AOSEPT disinfection solution, is marked with four patent numbers that do not match any product contained within the box. Thus, Plaintiff argues that Defendant has purposefully deceived the public as to the contents of the box and has sued for the penalty provided in § 292.

---

[1] The Court has addressed this Motion on an expedited basis so that the parties would know that their case will be heard in the Western District of North Carolina. Defendant has an additional motion pending before the Court, a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(6), and 12(b)(7) (Doc. No. 16). The Court will rule on that Motion after Plaintiff has responded to it, and this Order is in no way intended to forecast the Court's ruling on that Motion.

This Court uses an eleven-factor analysis in deciding whether to exercise its discretion to transfer a case to another district where it may have been brought. Jim Crockett Promotions, Inc. v. Action Media Group, Inc., 751 F. Supp. 93, 96 (W.D.N.C. 1990). Those factors will be addressed in turn.

**1. The plaintiff's initial choice of forum.**

Defendant alternates between saying that, due to the unusual nature of this *qui tam* action and Plaintiff's role as enforcer of the United States' interest, Plaintiff's initial choice of forum should be given "less weight" (quoting Speed Trac Techs., Inc. v. Estes Express Lines, Inc., No. 1:07-cv-417, 2008 WL 596079, at *2 (M.D.N.C. Mar. 4, 2008)), "little or no deference," "no deference," and "no weight." While the proper weight the Court should provide this first factor is no doubt diminished under a false marking action, where the plaintiff himself has not been injured, surely some weight must still be given to Plaintiff's choice of forum.

Defendant cites two cases for the proposition that the alleged false marking in this case bears no relation to North Carolina, thus making Plaintiff's initial choice of forum immaterial: Felt v. Ronson Art Metal Works, Inc., 107 F. Supp. 84, 85-86 (D. Minn. 1952) and Pentlarge v. Kirby, 19 F. 501, 503-504 (S.D.N.Y. 1884). In both Felt and Pentlarge, the courts focused on the location of the illegal marking—the place where the actual stamping or affixing of the marks took place. However, Felt and Pentlarge refer to 35 U.S.C. § 50, the predecessor of 35 U.S.C. § 292. This is particularly relevant because § 50 provided that venue was only proper where the offense was committed—again, the place of the actual stamping or affixing of the illegal marks. Maskery v. Kopp, 412 F. Supp. 388, 389 (D.C. Conn. 1976). Section 292, however, has no such provision, but rather is governed by 28 U.S.C. § 1395, which provides that venue is proper wherever the defendant

may be found. 28 U.S.C. § 1395(a); Maskery, 412 F. Supp. at 389. Under § 1395(a), a defendant is "found" wherever he may validly be served with process. Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice & Procedure § 3820 (3d ed. West 2008) (citing Freeman v. Bee Mach. Co., 319 U.S. 448, 454 (1943)). Thus, under the current version of the false marking statute, the location of the original stamping or affixing of the mark does not determine venue. Rather, it is the location of the defendant that is significant. There has been no suggestion that Defendant was not available for service of process in the Western District of North Carolina, nor has Defendant disputed that its AOSEPT product is sold here. Under these facts and the law as it exists today, it is hard to see why the Court should not afford Plaintiff's initial choice of forum with some weight, the nature of a false marking claim notwithstanding. Although perhaps not worthy of the "considerable weight" that a plaintiff's choice usually carries, Jim Crockett, 751 F. Supp. at 96, the Court will nevertheless afford Plaintiff's choice some weight. Accordingly, this factor favors retention.

**2. The residence of the parties.**

Again, Defendant contends that Plaintiff's location is irrelevant in this case because of the nature of a *qui tam* lawsuit. The Court disagrees. Plaintiff is a resident of North Carolina, while Defendant has its principle place of business in Duluth, Georgia. While much of the discovery may take place in Georgia, Defendant belies this argument when it maintains that it "is entitled to, and intends to seek" discovery materials from Plaintiff, and will certainly seek to depose Plaintiff. Thus, some discovery will inevitably take place within this District, and Plaintiff will be burdened if venue is transferred to Georgia. This factor, then, is neutral.

**3. The relative ease of access of proof.**

Although much of the evidence in this case will come from Georgia, this factor is not as strong as Defendant suggests. North Carolina and Georgia share a border, and at a distance of approximately 220 miles, the Court is of the opinion that it will be only marginally more difficult to conduct discovery in Duluth, Georgia, while maintaining the action here in Charlotte, North Carolina.[2] Thus, while this factor may slightly favor transfer, it is not weighty.

**4. The availability of compulsory process for attendance of witnesses and the costs of obtaining attendance of willing witnesses.**

The availability of compulsory process for attendance of witnesses is identical in either North Carolina or Georgia. The issue, then, is cost. While there will certainly be some expense in transporting witnesses from Duluth to Charlotte, this expense is likely to be minimal given the proximity of the two locations. It is unlikely that attending trial in Charlotte will be any more of a disturbance to Defendant's business than attending trial in Atlanta. Furthermore, given the relative size of Defendant, a major corporation, and Plaintiff, an individual citizen, the Court is of the opinion that the costs incurred by each party are relatively equalized. This factor, then, favors neither transfer nor retention.

**5. The possibility of a view.**

The Court agrees with Defendant's assessment of this factor's neutrality.

**6. The enforceability of a judgment, if obtained.**

It is indisputable that a judgement obtained in the Western District of North Carolina will be enforceable in Georgia. There may be an extra step involved, namely the enforcement through a

---

[2]In Jim Crockett, 751 F. Supp. at 96, the choice was between Mecklenburg County, North Carolina, and New York City, New York, a distance of approximately 650 miles—roughly triple the distance in the instant case.

-4-

court in Georgia, but this is more of a perfunctory proceeding than a real obstacle to enforceability. This factor, then, is neutral.

**7. The relative advantages and obstacles to a fair trial.**

The Court agrees with Defendant's assessment of this factor's neutrality.

**8. Other practical problems that make a trial easy, expeditious, and inexpensive.**

Although trial in Georgia would most likely "require less total expense," Jim Crockett, 751 F. Supp. at 97, the Court has already stated its opinion regarding the relative expenses the parties will bear. Thus, as with the third factor, this factor only slightly favors transfer.

**9. The administrative difficulties of court congestion.**

The Court agrees with Defendant's assessment of this factor's neutrality.

**10. The interest in having localized controversies settled at home and the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action.**

Assuming the allegations in Plaintiff's Complaint to be true, Defendant has violated the false marking statute and is selling its violating products throughout the country, including here in the Western District of North Carolina. Defendant, once again, places great weight upon the locus of the actual stamping or affixing of the allegedly false markings. As has been discussed, however, this is not the relevant inquiry as the statute is currently written. The United States has an interest in seeing that its patent laws are enforced; this interest is served no matter where the litigation is pursued, and is presumably just as important to this District's United States Attorney as it is to that of the Northern District of Georgia. Thus, to the extent that this matter even involves a "localized controversy," it is of equal interest to either forum.

-5-

**11. The avoidance of unnecessary problems with conflict of laws.**

The Court agrees with Defendant's assessment of this factor's neutrality.

In the final analysis, the factors do not present a strong case for either retention or transfer. Plaintiff's initial choice of forum favors retention, while the access to proof and the cost of transporting witnesses slightly favor transfer. Defendant, however, bears the burden of establishing the case for transfer, Jim Crockett, 751 F. Supp. at 95, a burden that has been described as "a heavy one," id.; Quilling v. Cristell, No. 3:04-cv-252, 2006 WL 1889155 (W.D.N.C. July 7, 2006). Given the apparent equality of interests revealed by the factors, Defendant has not met its burden.

Accordingly, Defendant's Motion to Transfer Venue is DENIED.

IT IS SO ORDERED.                    Signed: July 23, 2008

_____
Frank D. Whitney
United States District Judge