# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:08-cv-00251-FDW

| | |
|---|---|
| JAMES M. HARRINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CIBA VISION CORPORATION, ) | |
| ) | |
| Defendant. ) | |

On July 21, 2008, Defendant CIBA Vision Corporation filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), 12(b)(6), and 12(b)(7). The Court is currently concerned with one key argument put forward by Defendant, namely that Congress, by passing the false marking statute, 35 U.S.C. § 292, has delegated executive power to private, qui tam relators in a way that is offensive to the "Take Care" clause of the United States Constitution. On July 29, 2008, Defendant formally provided notice of its constitutional challenge pursuant to Federal Rule of Civil Procedure 5.1. On July 30, 2008, also pursuant to Rule 5.1, this Court provided notice of Defendant's constitutional challenge to the Attorney General of the United States, informing the Attorney General that the United States is permitted to intervene in the case for the presentation of evidence, if admissible, and for argument on the question of constitutionality.

The Court has determined that a response from the Government would be greatly beneficial to the determination of this issue. According to the Court's research, the dispositive issue on constitutionality is whether 35 U.S.C. § 292 satisfies the "sufficient control" standard adopted by the United States Supreme Court in Morrison v. Olson, 487 U.S. 654, 696 (1988), and later applied by

various Circuit Courts of Appeal in the context of the False Claims Act, 31 U.S.C. §§ 3729-33, another of the three currently remaining qui tam statutes. See United States v. Health Possibilities, 207 F.3d 335, 340-41 (6th Cir. 2000); United States ex rel. Zissler v. Regents of Univ. of Minn., 154 F.3d 870, 872 (8th Cir. 1998); United States ex rel. Kelly v. Boeing Co., 9 F.3d 743, 745 (9th Cir. 1993); United States ex rel. Kreindler & Kreindler v. United Technologies Corp., 985 F.2d 1148, 1155 (2d Cir. 1993). These courts have unanimously upheld the constitutionality of the False Claims Act, but have expressly done so because of the numerous methods of executive control that statute provides. See, e.g., Kelly, 9 F.3d at 755 ("[T]he FCA gives the Attorney General sufficient means of controlling or supervising relators to satisfy separation of powers concerns."). The false marking statute, however, contains no such controls, and therefore appears to divest the executive of his authority to "take Care that the Laws be faithfully executed." U.S. Const., Art. II, § 3. However, the Court desires input from the United States before making a final determination. Therefore,

IT IS HEREBY ORDERED that, within sixty (60) days of the Court's 5.1 notice, **on or before September 28, 2008**, the United States file a status report advising the Court of its decision on intervention.[1]

The Clerk is directed to forward copies of this Order to counsel of record and the United States Attorney.

IT IS SO ORDERED.  Signed: August 28, 2008

Frank D. Whitney
United States District Judge

---

[1] The Eastern District of Virginia has entered a similar order in Pequignot v. Solo Cup Co., No. 1:07-cv-897. The court in Pequignot has ordered the United States to respond no later than September 8, 2008.